AO 245B (Rev. 11/16) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### District of Minnesota

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| STEVEN JAY LYKE | Case Number: **0:15-CR-00078-SRN-BRT(4)**<br>USM Number: **18468-041**<br>**Glenn P Bruder**<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts One and Four of the Superseding Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 846 CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE ANALOGUES | 12/31/2013 | 1ss |
| 18:1956(a)(2)(A), and 1956(h) MONEY LAUNDERING CONSPIRACY | 12/31/2013 | 4ss |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count 3 as to this defendant ☒ is  ☐ are dismissed on the motion of the United States.

☒ $200.00  Special Assessment is due and payable immediately.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 3, 2017**
Date of Imposition of Judgment

**s/Susan Richard Nelson**
Signature of Judge

**SUSAN RICHARD NELSON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 3, 2017**
Date

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

DEFENDANT: STEVEN JAY LYKE
CASE NUMBER: 0:15-CR-00078-SRN-BRT(4)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**60 months as to Count 1; 60 months as to Count 4. Terms to run concurrent.**

☒ The court makes the following recommendations to the Bureau of Prisons:
- That the defendant be allowed to participate in the RDAP program, if he is eligible; and
- That the defendant be designated to a facility in Minnesota, or as close to Minnesota as possible, to be near his family.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ on _____

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 2:00 pm on Friday, June 16, 2017. In the event that the defendant has not been designated by the Bureau of Prisons on or before June 16, 2017, the defendant shall surrender to the United States Marshal for this district in Minneapolis, Minnesota by 10:00 a.m. on Friday, June 16, 2017.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

2

AO 245B (Rev. 11/16)  Sheet 3 – Supervised Release

DEFENDANT: STEVEN JAY LYKE
CASE NUMBER: 0:15-CR-00078-SRN-BRT(4)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **3 years on each of Count 1 and Count 4, terms to run concurrent.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16) Sheet 3A – Supervised Release

| | |
|---|---|
| DEFENDANT: | STEVEN JAY LYKE |
| CASE NUMBER: | 0:15-CR-00078-SRN-BRT(4) |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____     Date _____

Probation Officer's Signature  _____     Date _____

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

DEFENDANT:        STEVEN JAY LYKE
CASE NUMBER:   0:15-CR-00078-SRN-BRT(4)

# SPECIAL CONDITIONS OF SUPERVISION

a. If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, you may be required to perform up to 20 hours of community service per week until employed. You may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

b. You are prohibited from engaging in the business of selling, dispensing, or distributing smokable tobacco or synthetic products during the term of supervision unless approved by the probation officer.

c. You shall submit to substance abuse testing as approved and directed by the probation officer.

d. You shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer. Further, you shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.