## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JAY LYKE,<br><br>Defendant. | Case No. 15-cr-00078(4) (SRN-BRT)<br><br><br>**MEMORANDUM, OPINION<br>AND ORDER** |

Craig R. Baune and Jordan L. Sing, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota, 55415; Katharine T. Buzicky, United States Attorney's Office, 316 North Robert Street, 404 U.S. Courthouse, Saint Paul, Minnesota 55101, for the Government.

Steven Jay Lyke (pro se), 5791 Hill Road, Floodwood, MN 55736, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Steven Jay Lyke's Pro Se Petition for a Writ of Error Coram Nobis ("Def's Pet.") [Doc. No. 821]. Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court **DENIES** Mr. Lyke's petition.

## I.    BACKGROUND

Mr. Lyke pleaded guilty to one count of Conspiracy to Distribute Controlled Substance Analogues, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 846, as well as one count of Money Laundering Conspiracy, in violation of 18 U.S.C. §§

1

1956(a)(2)(A), and 1956(h).  (Sent. J. [Doc. No. 506] at 1.)  He and his co-conspirators packaged and sold more than 2,400 kilograms of synthetic cannabinoid chemicals with a sales price of $9,720,032.  (Presentence Investigation Report ("PSR") [Doc. No. 460] at ¶ 59.)  Mr. Lyke was the conspiracy's supply chain manager and production supervisor, and he deceived United States ("U.S.") Customs officials by concealing the illegal substances he was transporting across the U.S. border.  (PSR at ¶¶ 29, 39–40, 58, 62.)  Mr. Lyke also laundered money for the conspiracy, conducting overseas transactions to obtain the illegal chemicals.  (PSR at ¶¶ 58, 62.)  The Court sentenced him to 60 months of imprisonment, followed by three years of supervised release.  (Sent. J. at 2-3.)

Mr. Lyke began supervised release on September 10, 2021.  On April 12, 2023, the Court granted Mr. Lyke's request for early termination of supervised release due to his compliance with the rules and regulations of supervision [Doc. No. 791].

On February 23, 2024, Mr. Lyke made a pro se petition for a "Writ of Error Coram Nobis" attacking his conviction.  Mr. Lyke seeks to raise two claims—a *Brady* violation and ineffective assistance of counsel—relating to the alleged scientific uncertainty of whether the chemicals for which he was convicted—AM-2201, UR-144 and XLR-11—were in fact substantially similar to JWH-018, the synthetic cannabinoid proscribed by 21 U.S.C. § 802(32)(A).  This is based on the opinions of DEA chemist Dr. Arthur Berrier, who allegedly concluded during the DEA's classification process that UR-144 and XLR-11 are not substantially similar in chemical structure to JWH-018.  Mr. Lyke argues that as he did not previously make a motion under 28 U.S.C. § 2255, and made this petition within a year of discovering evidence unavailable at his trial, he is eligible for consideration.  Alternately, Mr.

Lyke argues that his actual innocence lifts the bar for consideration of his petition.

**II.     DISCUSSION**

**A.  Legal Standards**

Coram nobis relief is "substantially equivalent" to habeas corpus relief.  *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089 (1980); *see also United States v. Morgan*, 346 U.S. 502, 506 n. 4 (motion for writ of coram nobis "is of the same general character as one under 28 U.S.C. § 2255").  Both writs are used to challenge a conviction or sentence, but while custody is a prerequisite for habeas relief, coram nobis relief is available when the defendant is no longer in custody.  *Little*, 608 F.2d at 299 & n. 5.

"A writ of coram nobis is an extraordinary remedy, and courts should grant the writ only under circumstances compelling such action to achieve justice and to correct errors of the most fundamental character."  *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (citing *Morgan*, 346 U.S. at 511-12) (internal quotations omitted).  "Coram nobis relief has been called the criminal-law equivalent of the Hail Mary pass in American football." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012)).  Accordingly, a petitioner must (1) show a compelling basis before coram nobis relief will be granted; and (2) "articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis."  *See Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir. 1992).

Whether the one-year statute of limitations under 28 U.S.C. § 2255[1] applies to

---

[1] 28 U.S.C. § 2255(f) runs from the latest of:

petitions for a writ of corum nobis has not been conclusively settled by the Eighth Circuit, and precedent within the District of Minnesota is inconsistent. *Compare United States v. Estrada-Perez*, Criminal No. 02–403(3)(DSD/AJB), 2011 WL 2965249 at *2 (D. Minn. July 22, 2011) (applying the statute of limitations under § 2255 because using coram nobis to circumvent the statute of limitations would nullify the one-year time limit) *with United States v. Polukhin*, Criminal No. 15-261 ADM/BRT, 2021 WL 411204 at *4 (D. Minn. Feb. 5, 2021) (citing *Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014) to hold that the statute of limitations does not apply, but citing *Estrada-Perez* and *United States v. Shoupe*, 299 F. App'x 610, 610-11 (8th Cir. 2008) to hold that "to qualify for coram nobis relief, a petitioner must have a valid reason for not attacking the conviction earlier[,]" and rejecting the petition as untimely); *see also Shoupe*, 299 F. App'x at 610-11 (discussing the applicability of the abuse-of-the-writ doctrine to coram nobis petitions). The Court will therefore analyze the question under both of these standards.

Where a petitioner's time has expired, but they seek to overcome the statute of limitations through a claim of "actual innocence," the bar for the Court's consideration is even higher. While "actual innocence, if proved, serves as a gateway through which a petitioner

---

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

may pass" to assert claims for relief despite the statute of limitations or other procedural bars, the petitioner must persuade the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995).)

### B. Analysis

#### 1. Timeliness of Petition

Mr. Lyke argues that his petition is timely, as he did not discover the facts underlying his petition until January 9, 2024, thus placing his petition within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Def's Mot. at 4.) Mr. Lyke claims that "the information of Dr. Berrier remained hidden to him through no fault of his own[,]" and therefore it was not discovered sooner. (*Id.*)

Under § 2255(f)'s one-year statute of limitations, Mr. Lyke's petition is untimely. Mr. Lyke could have discovered the evidence upon which his claim is based—that Dr. Berrier had disagreed with his DEA colleagues about the extent of the chemical similarities between UR-144, XLR-11, and JWH-018—significantly before January 9, 2024. The lead decision concerning Dr. Berrier's difference of opinion with his colleagues concerning these synthetic cannabinoids, *United States v. Galecki*, was issued in July 2019. *See* 932 F.3d 176, 180-90 (4th Cir. 2019). Mr. Lyke's co-defendant in the charged conspiracy, Vladimir Vladimirovich Brik, first raised an argument concerning Dr. Berrier's opinion in a May 3, 2021 Motion [Doc. No. 746], wherein Mr. Brik requested permission to reopen his § 2255 motion due to "newly discovered evidence allegedly contained in his attorney's file" concerning Dr. Berrier. *See*

5

*United States v. Brik*, Case No. 15-cr-78(03) (SRN/BRT), 2023 WL 8802823 at *1 (D. Minn. Dec. 20, 2023). If Mr. Brik—also filing pro se—could discover the relevant evidence in May 2021, the Court finds Mr. Lyke's argument that he could not have discovered said evidence until January 2024 unpersuasive. As such, Mr. Lyke's petition falls outside of the statute of limitations, and is therefore barred.

Under the *Estrada-Perez*/*Shoupe* "valid reason" standard, Mr. Lyke's petition is still untimely. Mr. Lyke argues that he is able to raise this argument now, as he had not filed a motion under § 2255. However, he could have sought such relief while still in custody. As discussed *supra*, the information upon which his petition is based was available to him. Mr. Lyke offers no other reason for his delay. That he did not seek relief while in custody but seeks to collaterally attack his conviction now is precisely the misuse of the writ of corum nobis anticipated by *Estrada-Perez* and *Shoupe*. *See Estrada-Perez*, 2011 WL 2965249 at *2 ("Estrada–Perez knew of a possible immigration consequence at sentencing in 2003. Instead of moving to revoke her plea, she waited eight years and only filed the instant motion once deportation proceedings began. Estrada–Perez offers no valid reason for delay."); *Shoupe*, 299 Fed. Appx. at 610 ("We agree with the district court that Shoupe's claims are barred by the abuse-of-the-writ doctrine, as he could have raised them at the appropriate time on direct appeal or in a motion under 28 U.S.C. § 2255 before completion of his supervised release.") As such, Mr. Lyke's petition is also untimely under the "valid reason" standard.

### 2. Actual Innocence

Mr. Lyke argues that the Court should disregard the statute of limitations in considering his petition, as "actual innocence serves to lift the procedural bar imposed by

6

the §2255(f) statute of limitations because a person convicted of a crime who is innocent represents a miscarriage of justice."  (Def's Mot. at 4.)  Mr. Lyke argues that as the Government was required to prove, beyond a reasonable doubt, both that the chemicals for which he was charged were substantially similar to JWH -018, and that he knew the substances listed in the indictment had a substantially similar chemical structure to a controlled substance, the evidence presented by Dr. Berrier would "be fatal to the prosecution's case." (*Id*. at 4-5.)

Mr. Lyke's claim does not meet the exceedingly high bar required for a finding of actual innocence.  In *United States v. Galecki*, with similar facts as the instant case, the defendants raised their argument concerning Dr. Berrier's testimony on a direct appeal from their conviction.  932 F.3d at 181-84.  The Fourth Circuit, reversing the district court, did not find that the defendants were actually innocent.  Rather, the Circuit held that Dr. Berrier's previously excluded testimony was both exculpatory and material, reversed the district court's materiality ruling, vacated the defendants' convictions, and remanded for a new trial.  *Id*. at 186-88; *see also United States v. Adams*, Case No. 14-40005-DDC, 2017 WL 712795 (D. Kan. Feb. 23, 2017) (granting defendant's pre-trial motion to compel and motion for subpoenas relating to Dr. Berrier's testimony).  That the Fourth Circuit granted a new trial rather than vacating the defendants' convictions and dismissing the indictment demonstrates that a reasonable juror, even in light of Dr. Berrier's testimony, could still find the defendants—or Mr. Lyke—guilty beyond a reasonable doubt.  As such, Mr. Lyke fails to persuade the Court that he has reached this bar, and denies his petition on that basis.

**III.     ORDER**

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Steven Jay Lyke's Pro Se Petition for a Writ of Error Coram Nobis [Doc. No. 821] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 1, 2024                                    s/ Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge